*182 Opinion op the Court,
by Ch. J. Boyle.
TIS is a controversy for land. The appellees, who were defendants in the circuit court, are in possession under elder grants, and the appellants, who were complainants in that court, assert their superior equity under an entry made in the name of William Meriwether; and the first question which naturally presents itself, is, whether this entry is valid or not? The entry is as follows:
“January 23d, 1783. William Meriwether enters 10,000 acres, on two treasury warrants, numbers, 11,591 and 11,592, on liardin’s creek, beginning about three miles above Philips’ station on said creek, running south-west two and a half miles north-east; then, at *183 right angles from the extremity of each line, for quantity.”
Hardin’s creek and Philips’ station, situated on the creek, are satisfactorily proved to have been generally known by those names, at and before the date of the entry; and rejecting the term “about,” as inoperative kf the call for distance, as has been always done in like cases, there is no difficulty in saying, that the point of beginning should be fixed on the creek, at the precise distance of three miles, on a direct line above the station, The base line should the be run from the point of beginning, the courses and distances called for, which would form a line extending across the creek equal distances on each side. Thus far there is no uncertainty in the entry; hut here the great difficulty in the. entry presents itself; for the next call is, to run at right angles from each extremity of the base line, without giving any course, or intimating whether the right angles should be formed by running up or down the creek, and as lines extended from the base, in either direction, would equally comport with the call, it requires no argument to prove that the call is, in itself, ambiguous and uncertain. But the ambiguity of this call, was attempt-ed, in the argument, to be removed, by bringing to its aid the call for “beginning about three miles above Philips’ station.” Were it correct to construe the call for the beginning, not merely as fixing the point from which the base line was to be extended, but as limiting the distance which the land should lie from the station, the call would, no doubt, be entitled to the effect ascribed to it; but this, we apprehend, cannot be received as the correct construction of the call. Entries describe the land intended to be locoted, sometimes by designating the exterior boundaries only, and sometimes by designating the body of the land, leaving its exteri- or boundaries to be ascertained by construction. The entry in question here, is evidently of the former character, and we distinctly understand the call for the beginning, as merely fixing the point from which the base line, one of the exterior boundaries of the land located, should be extended, and not as defining the distance which the body of the land should lie from the station; nor is there any other call of the entry which can have the latter effect. The only call descriptive of the body of the land, is that for lying “on Hardin’s creek;”. *184 and that is equally as equivocal as the call to run at angles from the base line, and may, like it, be satisfied by constructing the survey either above or below the base line. It is true, that a survey of the quantity contained in the entry, by extending the lines at right angles to the base, down the creek, would include Philips’ station, and this circumstance was used as an argument to show that it could not have been the intention of the locator, so to extend those lines. But this argument is, we conceive, entitled to but little weight; for there was surely nothing, either absurd or illegal, in making the entry to include the station, and had it contained a. call for that express purpose, the call would neither have been forbidden by law, nor inconsistent with any other call in the entry. It does not appear that the land on which the station was situated, was appropriated at the date of the entry, and if it were admitted to-have been appropriated, still the locator might have apprehended, from the quantity and quality of other vacant land, which would be embraced in the entry, by extending the lines down the'creek, that he would have obtained more good land by running the lines in that direction, than he would have done by extending them up the creek; for, considering the magnitude of the entry, and the late period at which it was made, there was almost a moral certainty, that whether the lines were extended up or down the creek, they would include lands previously appropriated by others. The motives of the locator, however, are out of the question, and cannot, in a case of this sort, furnish a legitimate subject of inquiry; for the validity of the entry must be tested, not by his motives, but by the description he gives in the entry of the land intended to be appropriated, and if the description be uncertain, the entry is void, whatever may have been his motives.
The case of Whitaker vs. Hall, 1 Bibb 72, was cited in the argument, as a decision in point, in support of the entry in question here; but if our construction of the entry in question, in this case, be correct, there is obviously no analogy between the cases. In that case, the entry was for one thousand acres, to lie “about one mile nearly an east course from the main fork of Bra-shears’ creek, along the road that leads to Harrodshurg from Beargrass station.” Now, it is clear, that this entry only attempts .to describe the land by designating *185 the body of that which was intended to be appropriated, leaving its exterior boundaries to be fixed by construetion; and as it expressly calls for the land to lie one mile from the creek, to make it extend from the point of a mile’s distance towards the creek, would be in direct repugnance to that call. But the entry in question in the present case, according to the construction we give it, attempts to describe the land intended to be located, by designating its exterior boundaries only, and the call for distance above the station, is merely to fix the point from which one of the exterior lines of the survey, should be extended. The two entries are, therefore, of an entirely different character, and the object of the call for distance in one, differs essentially from that of the call for distance in the other.
, The entry, therefore, under which the appellants claim, being invalid, the decree of the circuit court dismissing their bill, is correct, and must be affirmed with costs.